**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **OLAOLUWA FAPARUSI,** | ) | **CASE NO. 1:16CV1586** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **CASE WESTERN RESERVE** | ) | |
| **UNIVERSITY,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Magistrate Judge Baughman's Report and Recommendation (ECF #12), recommending that the Court deny Plaintiff's Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction. (ECF #3). Plaintiff has filed an Objection to Magistrate Judge's Report and Recommendation (ECF #13). For the following reasons, the Court ADOPTS Magistrate Judge Baughman's Report and Recommendation and denies the Motion.

**BACKGROUND**

The Complaint and Motion for a TRO and Preliminary Injunction allege that Plaintiff was suspended from Case Western Reserve University ("CWRU") for using a

women's restroom at a facility while pressed for time during the period he was studying for an examination during his sophomore year on March 1, 2016. While in a restroom stall, he was verbally confronted by two female students who accused Plaintiff of taking pictures in the restroom. Following receipt of an incident report, CWRU began an investigation and terminated his on-campus housing agreement. Plaintiff was found to be liable on two charges of Sexual Exploitation and Disorderly Conduct. Plaintiff appealed the decision within the University hearing process. His appeal was denied.

Plaintiff's Motion argues that CWRU's hearing and decision to suspend him were done in violation of his rights under the Due Process Clause of the Fourteenth Amendment. Plaintiff further alleges that CWRU and the individual employee defendants breached CWRU's contract with Plaintiff in the way the hearing was conducted. CWRU has responded by filing a Motion to Dismiss for Failure to State a Claim.

## LAW AND ANALYSIS

In the Motion to Dismiss, all Defendants argue that Counts One, Two, Three and Five should be dismissed because the Fourteenth Amendment's due process and fundamental fairness guarantees do not apply to the policies and procedures of private colleges. Regarding Count Four, Defendants argue that in a breach of contract claim against an educational institution, the Court must defer to the decision of the school unless the school's action is such a substantial departure from accepted academic norms as to demonstrate a lack of professional judgment. Defendants further argue that Count Four is a state law breach of contract claim and the Court should decline to exercise supplemental jurisdiction over the state law claims.

The Magistrate Judge determined that analogous to the issues here is *Pierre v. University of Dayton* 29143 F.Supp.3d 703 (S.D. Ohio 2015). In *Pierre*, the district court denied a motion for an injunction by noting that "a suspension from school is not irreparable" because "after the suspension ends, [the plaintiff] will have the opportunity to

petition for reenrollment to the University." The Magistrate Judge noted that the Sixth Circuit has affirmed that courts will not interfere with a private university's right to enforce disciplinary standards without a showing of clear abuse of discretion and that a university's conduct during disciplinary proceedings is evaluated under the rubric of "whether the proceedings fell within the range of reasonable expectations of one reading the relevant rules, an objective reasonableness standard. "The *Pierre* court concluded that the plaintiff there had not shown a likelihood of success on the merits because "the process promised him and provided to him was fundamentally fair."

Plaintiff's Objections to the Report and Recommendation do not challenge the Magistrate Judge's reliance on *Pierre* for his conclusions. Also, in Defendant's Response to Plaintiff's Objections, they point out that this Court recently held in a factually similar case against CWRU, that there is no private cause of action for failure to comply with Title IX procedural requirements. *Doe v. Case Western Reserve Univ.*, No. 1:14CV2044, 2015 WL 5522001, *4 (N.D. Ohio Sept. 16, 2015).

The Court agrees with the Magistrate Judge that Plaintiff is not likely to succeed on the merits of any of his claims, that his alleged injury is not irreparable, that the public interest is served by allowing private universities to carry out their mission of providing a safe environment for learning by enforcing reasonable disciplinary procedures and that there is a risk that significant harm to other individuals may occur were Plaintiff immediately returned to campus as a student.

## **CONCLUSION**

The Court finds that the Magistrate Judge thoroughly reviewed Plaintiff's claims and correctly applied the pertinent law. Therefore, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is denied.

**IT IS SO ORDERED.**

**DATE: 11/10/16**

                                                          **s/Christopher A. Boyko**
                                                          **CHRISTOPHER A. BOYKO**
                                                          **United States District Judge**