UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OLAOLUWA FAPARUSI, | ) | CASE NO.1:16CV1586 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| CASE WESTERN RESERVE UNIV., | ) | OPINION AND ORDER |
| ET AL., | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Report and Recommendation of the Magistrate Judge that the Court grant Defendants' Motion to Dismiss (ECF # 5) and all Plaintiff's claims be dismissed with prejudice. Having reviewed the Motion, Response, Report and Recommendation and Objections, the Court adopts the Magistrate Judge's Report and Recommendation and dismisses with prejudice Plaintiff's claims.

Plaintiff is an African-American male who was enrolled as a student at Defendant Case Western Reserve University in 2014 ("Case Western"). During the 2015-2016 academic year, Plaintiff was a sophomore in Case Western's Biomedical Engineering department. Plaintiff is a resident of Tennessee. Defendant George O'Connell is the director of Student

Conduct & Community Standards at Case Western and in 2016 was the Administrative Hearing Officer in Plaintiff's sexual misconduct administrative hearing. Defendant Kimberly Scott is the Title IX investigator at Case Western and investigated the allegations against Plaintiff that form the bases for the administrative action.

According to Plaintiff's Complaint, on March 1, 2016, Plaintiff went to Raymond House on the campus of Case Western, intending to meet his lab partner to study for a physics final. Plaintiff was carrying his iPhone because it contained his study materials. Plaintiff went to the fourth floor of Raymond House and began studying. After some time he went down to the third floor, hoping to run into his lab partner in order to continue studying. Once on the third floor Plaintiff needed to use the restroom urgently and decided to use the women's restroom. According to Plaintiff, although the third floor restroom was a women's restroom, it was common practice for both sexes to use it.

While Plaintiff was using a stall, two female students entered the restroom. Plaintiff recognized the voice of one of the females as a fellow student in one of his classes. This female student asked Plaintiff why he was in the women's restroom. Her companion became visibly upset with Plaintiff, accusing him of using his iPhone to take pictures of her in the women's restroom. She demanded Plaintiff delete the photos on his phone. The two females left the restroom and Plaintiff departed shortly thereafter. Later that same day, campus police arrived at Plaintiff's dorm room and informed him that they received a complaint that he was taking pictures in the women's restroom. The officers asked to see Plaintiff's iPhone. Plaintiff allowed the officers to inspect his phone and, finding no incriminating photos, the officers left. That same day Plaintiff received a letter from Darnell T. Parker, Associate Vice

President for Affairs and Title IX Coordinator at Case Western, informing Plaintiff that the Title IX office on campus was going to conduct an investigation of the Raymond House incident.

On March 3, 2016, Plaintiff's housing agreement was terminated, forcing him to seek off-campus housing. That same day, Plaintiff was questioned about the incident by Parker. Over the next few days Plaintiff met with school administrators and investigators. During these meetings Plaintiff denied taking pictures in the women's restroom.

Plaintiff describes a number of issues with the investigation conducted by Kimberly Scott and Case Western. He points to inconsistencies in the witness statements, including disparate descriptions of Plaintiff's hair length, the color of his sweat pants and the color of his iPhone. Plaintiff further alleges he was only given notice of a single charge of Sexual Exploitation prior to his hearing and he was only permitted to review the hearing binder of evidence twenty-four hours before the hearing. During the administrative hearing, O'Connell made statements indicating he had ex parte communications with the complainants prior to the hearing without the Plaintiff being notified or being present. Plaintiff was ultimately found liable for Sexual Exploitation and Disorderly Conduct even though he had never been informed of the Disorderly Conduct charge prior to the hearing. Plaintiff subsequently appealed the finding, which was upheld by an Appeal Panel.

Plaintiff's Complaint alleges violations of his Due Process rights under the Fourteenth Amendment of Mistaken Identification, Lack of Notice of the Charge of Disorderly Conduct and Ex Parte Hearing against all Defendants. He also alleges Breach of Contract for deviations from the Administrative Process Hearing against Case Western and O'Connell. He

further alleges a violation of his Due Process rights under the Fourteenth Amendment for Bad Faith and Malicious Investigation against Case Western and Scott.

On August 2, 2016, Defendants filed their Motion to Dismiss for Failure to State a Claim, contending Due Process claims do not apply to student policies and procedures brought against a private university. Defendants further allege that Plaintiff's Breach of Contract claim fails because Plaintiff's Complaint admits Defendants followed all policies and procedures applicable to Plaintiff.

The matter was referred to the Magistrate Judge for a Report and Recommendation in August of 2016 and on November 30, 2016, the Magistrate Judge issued his Report recommending that all Plaintiff's claims be dismissed with prejudice. The Magistrate Judge determined that Plaintiff's federal Due Process claims were brought under Title IX. Because Title IX does not apply to individuals, the Magistrate Judge recommended dismissal of all federal claims against individually named Defendants O'Connell and Scott. Turning to the claims against Case Western, the Magistrate Judge determined that Plaintiff failed to state any claim upon which relief may be granted under Title IX because his Complaint failed to sufficiently allege that Case Western's actions were the result of sexual bias against Plaintiff due to his gender and did not allege a pattern of decision-making improperly motivated by sexual bias or indifference due to sexual bias.

The Magistrate Judge then considered whether Plaintiff's claims supported a Due Process violation under the Fourteenth Amendment. Because Case Western is a private entity, the Magistrate Judge determined that under applicable law, courts may not interfere with the right of a private university to enforce disciplinary rules unless that entity has clearly

abused its discretion. However, because Plaintiff's Complaint implicates Title IX, the Magistrate Judge recommended dismissal based on his analysis of Title IX.

Lastly, the Magistrate Judge determined that Plaintiff's Breach of Contract claim fails as a matter of law because Sixth Circuit precedent does not require strict adherence to administrative procedures, rather, courts must consider whether the university abused its discretion in applying the disciplinary grievance procedure. Finding it did not, the Magistrate Judge recommends dismissing all of Plaintiff's claims.

Plaintiff timely filed a number of objections. First, Plaintiff alleges the Report and Recommendation contains factual errors. According to the Report, Plaintiff was suspended for using a women's restroom when in fact he was suspended for taking pictures of women using the restroom. He further alleges mistaken identity as a defense, contending Scott had ample evidence from which to conclude Plaintiff was actually innocent, but instead, Scott altered her own reports to ensure Plaintiff was found liable. Plaintiff alleges O'Connell improperly relied on ex parte evidence and ignored other evidence. Plaintiff argues that unlike the caselaw relied on by the Magistrate Judge, this case presents a serious issue of mistaken identity. Plaintiff further objects to the Magistrate Judge's analysis of Counts I, II, III and V of his Complaint under Title IX. According to Plaintiff, Counts I and II of his Complaint are not premised on Title IX. In fact, according to Plaintiff, Counts I, II, III and V are all general Due Process claims. He further objects to the Magistrate Judge's Recommendation finding no abuse of discretion. Plaintiff argues that the incongruity of complainants descriptions of the perpetrator combined with the flaws in Case Western's disciplinary procedures provides ample evidence of an abuse of discretion.

Lastly, Plaintiff contends he has stated a Breach of Contract claim under Ohio law by showing the above abuse of discretion, particularly as it relates to Defendants ex parte communications with complainants.

## LAW AND ANALYSIS

**Standard of Review**

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636, the District Court is required to review *de novo* any portion of the Magistrate Judge's Report to which a specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party. *Thomas v. Arn* 474 U.S. 140, 150 (1985).

Local Rule 72.3(b) recites in pertinent part:

The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

**Incorrect Recitation of the Facts**

Plaintiff alleges the Magistrate Judge's Recommendation relies on the incorrect assertion that Plaintiff was disciplined for using a women's restroom when, in fact, he was disciplined for allegedly taking pictures of women in the restroom. Plaintiff is incorrect in

6

that the Magistrate Judge's Recommendation clearly considered the disciplinary action was based on the accusation that Plaintiff was taking pictures of women in the women's restroom. (See R & R pg. 2).  Thus, Plaintiff's objection on the applicable facts has no merit.

**Title IX**

According to Plaintiff, the Magistrate Judge incorrectly analyzed his Due Process claims under Title IX.  While the Court may agree that the wording of the Complaint leaves some doubt whether Plaintiff's claims at Counts I, II, III and V plead Title IX or general Due Process violations, Plaintiff's Opposition to Defendants' Motion to Dismiss erased all doubts as to Plaintiff's intent.  On page 7 of his Response to Defendants' Motion to Dismiss, Plaintiff captions his argument, "The Cause of Action is based on the enforcement of the requirements of Title IX and lack of compliance with the non-administrative requirements of Title IX." Furthermore, in the body of his argument, he states "Therefore, Plaintiff has brought his cause of action based on Defendants' enforcement of Title IX, a federal law.  The relevant policies and procedures used by CWRU in this cause of action were to comply with Title IX and are not solely administrative in nature."  Plaintiff then spends the next few pages describing how Defendants handbook and guidance letter are governed by and demonstrate compliance with Title IX requirements.  Next, under the caption "Plaintiff has Stated a Due Process Claim under the Fourteenth Amendment," Plaintiff states, "Fourteenth Amendment due process applies to policies and procedures used by CWRU to comply with the Title IX mandate..."  In his conclusion, Plaintiff writes "the core of this case is CWRU's enforcement of a federal law, Title IX."

This is consistent with the allegations in Plaintiff's Complaint wherein he alleges

7

"This case arises under the United States Constitution and Title IX." (Complaint 2). Plaintiff's Complaint further alleges "At all time relevant, Defendants acted under color of state law to enforce the requirements of Title IX." (Complaint 8). These allegations and representations contained in the Complaint and in Plaintiff's Response demonstrate Plaintiff's Due Process claims were brought under Title IX. This conclusion is further supported by the fact that Plaintiff does not allege his Due Process claims are brought under 42 U.S.C. §1983. As the Magistrate Judge accurately concluded, due process claims under the Fourteenth Amendment to the Constitution are not self-enforcing but are enforced through Congressional legislation. *City of Boerne v. Flores,* 521 U.S. 507, 518-19 (1997). Nowhere in his Complaint does Plaintiff plead any other statutory scheme under which his Fourteenth Amendment Due Process claims are brought other than Title IX.[1] Thus, the Court agrees with the Magistrate Judge that Plaintiff's Fourteenth Amendment Due Process claims must be analyzed under Title IX.

---

[1] While courts are expected to liberally construe a pro se plaintiff's complaint the posture of this case is somewhat different in that Plaintiff initially filed his Complaint pro se but an attorney entered an appearance on behalf of Plaintiff prior to the filing of his Objections to the R & R of the Magistrate Judge. Plaintiff did not seek to amend his Complaint to clarify his claims. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278.

The Court adopts the Magistrate Judge's Recommendation that all Plaintiff's Title IX claims be dismissed for failure to state a claim under the four standards of relief articulated under Title IX. In fact, Plaintiff does not challenge this portion of the Magistrate Judge's analysis and raises no objections to his Title IX analysis. Therefore, the Court adopts the well- reasoned recommendation and dismisses Counts I, II, III and V of Plaintiff's Complaint. Furthermore, as the Magistrate Judge correctly determined, Title IX applies only to institutions and programs and not to individuals, therefore, he recommends dismissal of Counts I, II, III and V as relates to O'Connell and Scott. The Court agrees and adopts the Recommendation that these claims also be dismissed as to the individually named Defendants.

**Fourteenth Amendment Due Process**

Even if this Court were to construe Plaintiff's claims as straight Fourteenth Amendment Due Process violation claims, dismissal would still be appropriate for a number of reasons. First, Plaintiff never brought the claims under 42 U.S.C. § 1983 as required to assert such violations on his own behalf. Second, even if the Court were to construe them as having been brought under § 1983, such an action may only be brought against a state actor or one acting under color of state law. "[T]he Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." *Rendell Baker v. Kohn,* 457 U.S. 830, 837–38, 102 S. Ct. 2764, 2769–70, 73 L. Ed. 2d 418 (1982). "§ 1983, which was enacted pursuant to the authority of Congress to enforce the Fourteenth Amendment, prohibits interference with federal rights under color of state law." *Id* "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in

9

cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Id.,* quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482. "The core issue presented in this case is not whether petitioners were discharged because of their speech or without adequate procedural protections, but whether the school's action in discharging them can fairly be seen as state action. If the action of the respondent school is not state action, our inquiry ends." *Rendell Baker* at 838.

Plaintiff fails to allege any plausible facts supporting his assertion that Case Western is a state actor or acted under color of state law. Plaintiff does not dispute that Case Western is a private university. Therefore, his Complaint must assert facts making his claim that Case Western acted under color of state law plausible. In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility

>standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542.  A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Plaintiff has asserted no facts supporting his allegation that Case Western acted under color of state law other than simply reciting the legal conclusion that Case Western acted under color of law.  Therefore, insofar as his Complaint alleges a Fourteenth Amendment Due Process claim under §1983, it fails to state a claim upon which relief may be granted.

Lastly, in spite of all these flaws in Plaintiff's Complaint, the Magistrate Judge engaged in a thorough examination of the process accorded Plaintiff arising from the charges brought against him for Sexual Misconduct.  The Magistrate Judge found that the process was fundamentally fair in that Plaintiff had an opportunity to know the charges brought against him and had an opportunity to be heard.  Plaintiff also had an appeal before the Appeal Panel

at Case Western, where he asserted all the issues presented here.   This Court agrees with the Magistrate Judge that there was no abuse of discretion by Case Western or the individually named Defendants and the Court adopts the Magistrate Judge's Recommendation that Plaintiff's claims at Counts I, II, III and V be dismissed with prejudice.

**Breach of Contract**

Plaintiff's Breach of Contract claim alleges that Case Western's Sexual Misconduct Policy manual constitutes a contract between Plaintiff and Case Western.  According to Plaintiff's Complaint, Defendants Case Western and O'Connell breached the manual when O'Connell conducted an ex parte hearing with complainants.  Specifically, Plaintiff alleges Defendants breached page 20, paragraph 2 of the Administrative Hearing Process wherein the last sentence reads, "The complainant will be notified of the option to attend the hearing if the complainant wishes to do so."   Plaintiff contends that O'Connell's alleged ex parte conversation with complainants prior to the hearing was a material breach of page 20, paragraph 2, demonstrates bias in favor of complainants and calls into question O'Connell's impartiality.  Plaintiff's Complaint alleges "Defendants breached its (sic) contract with Mr. Faparusi's (sic) by having an ex parte hearing, a material deviation from the CWRU Sexual Misconduct Policy." (Complaint ¶94).   Assuming for purposes of this ruling that the Sexual Misconduct Policy imposes contractual obligations on Defendants, the Magistrate Judge determined that Plaintiff's Breach of Contract claim should be dismissed because nothing alleged by Plaintiff supports a finding of a breach,  the entire process was fundamentally fair and Case Western's actions did not involve an abuse of discretion.

While the Court agrees with the Magistrate Judge's conclusion, the Court finds

Plaintiff's claim fails as a matter of law because, on its face, there is no plausible claim for breach as alleged by Plaintiff. Plaintiff cites one provision of the manual as having been breached. The plain language of page 20, paragraph 2 of the manual only confers upon the complainant a right to be notified of the hearing and the option of attending. Plaintiff was not the complainant in the hearing; he was the respondent. Thus, page 20, paragraph 2 of the manual confers no rights upon Plaintiff in the context of the hearing and Plaintiff cannot assert a breach of that section. Only a complainant may assert a breach based on the plain language of page 20, paragraph 2. Thus, for this reason alone, Plaintiff fails to state a claim for Breach of Contract and his claim must be dismissed against both Case Western and O'Connell. Furthermore, nothing in Plaintiff's Complaint alleges a plausible claim that there exists a contract between O'Connell individually and Plaintiff arising out of the Sexual Misconduct Policy manual. For this reason also, the breach of contract action must be dismissed against O'Connell.

 Therefore, for the foregoing reasons, the Court accepts and adopts the Report and Recommendation that the Court grant Defendants' Motion to Dismiss and the Court dismisses all claims against Defendants with prejudice.

 IT IS SO ORDERED.


        s/ Christopher A. Boyko
       CHRISTOPHER A. BOYKO
       United States District Judge